**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steve Galaviz Lopez, ) | CV 04-2838-PHX-MHM (VAM) |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Joseph Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Currently before the Court is Defendant's Motion to dismiss (Dkt#7) and Defendant's Motion to Strike. (Dkt.#10). After reviewing the pleadings, the Court issues the following Order.

**I.      Background**

On December 9, 2004, Plaintiff asserted the present action by filing his complaint bringing forth claims based upon violations of 42 U.S.C. § 1983. (Dkt #1).  Plaintiff's complaint asserts four counts and arises out of issues he has encountered while serving his sentence at the Durango Jail. On April 26, 2005, Plaintiff's application to proceed *in forma pauperis* was granted by this Court and the matter was referred to Magistrate Judge Virginia Mathis for further handling.  (Dkt.#4).  Defendant Arpaio waived service of process on May 19, 2005. (Dkt.#6).  On July 7, 2005, Defendant filed the present motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C.A. § 1997e.  (Dkt. #7).  On July 20, 2005, Magistrate Judge Mathis issued an order describing the significance of Defendant's Motion

and directed Plaintiff to follow the direction of Local Rule of Civil Procedure 7.2. (Dkt.#8). On August 10, 2005, Plaintiff filed a letter with the Court with copies of his grievances. (Dkt.#9). Plaintiff; however, never filed a response to Defendant's Motion to Dismiss. On October 14, 2005, this Court withdrew the reference to Magistrate Judge Mathis to rule on these pending Motions.

**II.     Defendant's Motion to Strike**

As expressly pointed out by Magistrate Judge Mathis there are specific guidelines to follow when filing documents with the Court. Specifically, Local Rule 7.2(e)(i) provides in pertinent part:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the opposing counsel does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed to be a consent to the denial or granting of the motion and the court may dispose of the motion summarily.

Here, Plaintiff, in responding to Defendant's Motion to dismiss for failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a) did not file any formal pleading contesting the Defendant's position. Rather, Defendant filed with the Court a letter stating that he was providing the Court with his grievances.[1] This letter was not served upon local counsel and does not comply with Local Rules 7.1 and 7.2's formal requirements.

Given that Magistrate Judge Mathis specifically explained the steps that Plaintiff was to follow in responding to Defendant's Motion and the Local Rules that he was to comply with it is clear there is no material excuse regarding Plaintiff's failure to file a proper response. As such, Defendant's Motion to strike is granted.

**III.     Standard Governing Motion To Dismiss For Failure To Exhaust**

Nonexhaustion under § 1997e(a) is an affirmative defense. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). It should be treated as a matter of abatement and brought in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment. <u>Id.</u>

---

[1] The letter provides copies of Plaintiff's Inmate Grievance Form regarding his claims; however it does not touch on the issue of exhaustion discussed in Section III and IV of this Order.

1  In deciding a motion to dismiss for failure to exhaust administrative remedies under § 42
2  U.S.C. § 1997e(a), the court may look beyond the pleadings and decided disputed issues of
3  fact. Id. at 1119-20.  If the court concludes that the prisoner has not exhausted his
4  administrative remedies under the administrative process, the proper remedy is dismissal
5  without prejudice. Id. at 1120.

**IV.    Defendant's Motion to Dismiss**

The Prisoner Litigation Reform Act ("PLRA") of 1966, 42 U.S.C. § 1997e, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The plain language of 42 U.S.C. § 1997e requires that all prisoner administrative remedies be exhausted as to all claims. Mubarak v. California Dept. of Corrections, 315 F. Supp.2d 1057, 1060 (S.D. Cal. 2004).

In the present case there is little doubt that Plaintiff has not exhausted his available administrative remedies. Defendant has provided the affidavit of Sheryl Beckley of the Maricopa County Sheriff's Office stating that after reviewing the applicable inmate grievance records she did not locate any record of an external appeal by Plaintiff.[2] In fact, in reviewing Plaintiff's complaint, Plaintiff concedes that at the time of filing his complaint, not one of the claims that he has asserted had been exhausted. Plaintiff concedes that with respect to Count One that his administrative remedies were not exhausted because "[w]henever a grievance if filed, it's usually ignored and no response is given. I didn't want to be on a list of inmates singled out for retaliation." (Plaintiff's Civil Rights Complaint, at p.4). Regarding Count Two Plaintiff claims that his claim "is not a grievance issue" and acknowledges that he has not taken his appeal to the highest level. Lastly, addressing Counts Three and Four, Plaintiff concedes that these claims "are still in due process" and have not yet reached their

---

[2] An External appeal is one of the steps required for an inmate to fully exhaust his administrative remedies. (Defendant's Motion, Exhibit A, Maricopa County Sheriff's Office Grievance Procedure, p. 7).

1 highest level." Thus, notwithstanding, Plaintiff's failure to offer any recognizable response
2 to Defendant's Motion to dismiss it is clear that even in considering Plaintiff's letter and in
3 reviewing Plaintiff's complaint that he has not yet exhausted his administrative remedies to
4 any claim he has asserted. As such, Defendant's Motion to dismiss will be granted.

5     Accordingly,

6     **IT IS HEREBY ORDERED** granting Defendant's Motion to Dismiss. (Dkt.#7).
7 Plaintiff's Complaint and this action are dismissed without prejudice.

8     **IT IS FURTHER ORDERED** granting Defendant's Motion to Strike. (Dkt.#10).

10     DATED this 28th day of February, 2006.

_____
Mary H. Murguia
United States District Judge